**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 3:14cv356-WHA** |
| | ) | |
| **NINETY SIX THOUSAND THREE** | ) | |
| **HUNDRED SEVENTY ($96,370.00)** | ) | |
| **DOLLARS IN U.S. CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**UNITED STATES' MOTION TO STRIKE CLAIM
FOR FAILURE TO COMPLY WITH SUPPLEMENTAL RULE G(5)(b)**

Comes now plaintiff, the United States of America, by and through George L. Beck, Jr., United States Attorney for the Middle District of Alabama, and Assistant United States Attorney Kevin P. Davidson, and moves the Court, pursuant to Supplemental Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules"), to strike the claim of Arnold Grant ("Grant") for failing to comply with the pleading requirements in Rule G(5)(b). In support of its motion the United States submits the following:

**I.      Procedural History.**

This is an in rem forfeiture action against $96,370.00 in U.S. currency seized during a traffic stop from Willie Adams Grant on December 17, 2013. Grant is the sole claimant in this litigation. The Government's Verified Complaint alleges that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. § 841(a)(1) (drug distribution) and 21 U.S.C. § 846 (conspiracy to commit a violation of the Controlled Substances Act).

1

On May 15, 2014, the United States filed its Complaint against the defendant property. (Doc. #1).

On April 30, 2014, a deputy United States Marshal personally served Grant with notice of this action and a copy of the pleadings. (Doc. #9). The notice advised Grant that he must file a claim within 35 days after the date notice was served.  The notice further notified Grant that an answer to the Complaint or motion in response thereto must be filed no later than 21 days after filing a claim. The notice advised Grant of both his claim deadline and the one by which he had to file an answer or motion in response to the Complaint. (Doc. #1-1).

On June 9 and 16, 2014, documents signed by Grant as claims were filed with the Court. (Docs. #8, 10).

As the notice personally served on Grant advised, an answer to the Complaint or a motion to the Complaint had to have been filed within 21 days of the date he filed his claim. If Grant's claim is deemed filed on June 9, 2014, an answer or motion was due within 21 days thereafter, that is, by June 30, 2014.

The deadline for Grant to file an answer or motion in response to the Complaint has expired. Grant has failed to file either.

## II.    Legal Argument.

The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") govern forfeiture actions in rem arising from a federal statute. Supplemental Rule A(1)(B). This is such an action. The Federal Rules of Civil Procedure also apply to the extent they are inconsistent with the Supplemental Rules. Supplemental Rule A(2).

Supplemental Rule G(5)(b) sets the deadline for a claimant to file an answer to the forfeiture complaint or a motion under Rule 12 in response to it. The deadline set by the rule is that "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim."[1] If the date Grant's claim is deemed "filed" is June 9, 2014, (the date stamped received by the Office of the United States District Court Clerk), then the deadline by which his timely motion or answer was due was June 30, 2014.

**Grant's standing in this action is a threshold issue that must be resolved before he can contest the civil forfeiture of the defendant property.**

In a civil forfeiture case, the United States is the plaintiff, the property is the defendant, and the claimant is an intervenor seeking to challenge the forfeiture of the defendant property. As an intervenor, the claimant must establish that he has standing to contest the forfeiture. Thus, standing is a threshold issue in every federal civil forfeiture case. Via Mat International South America, Ltd. v. United States, 446 F.3d 1258, 1261 (11th Cir. 2006) (standing "is the threshold question in every federal case, determining the power of the court to entertain the suit"), quoting Warth v. Seldin, 422 U.S. 490, 498 (1975); United States v. $38,750, 950 F.2d 1108, 1111 (5th Cir. 1992) (standing is a threshold question on which the claimant "bears the burden of demonstrating an interest in the seized item sufficient to satisfy the court of his standing").

A claimant who fails to comply with the requirements of Supplemental Rule G(5)(b) and Title 18, United States Code, Section 983(a)(4) lacks statutory standing to contest the civil forfeiture action. The United States may move to strike claimant's claim either as a result of his failure to comply with Rule G(5)(b) or because the claimant lacks standing, as

---

[1] Section 983 is the Civil Asset Forfeiture Reform Act ("CAFRA") which also governs civil forfeiture actions. Section 983(a)(4)(B), like Supplemental Rule G(5)(b), requires that a claimant file an answer to the complaint within 21 days of filing his claim.

expressly provided by Supplemental Rule G(8)(c).

To establish statutory standing it is not enough to file a claim under Rule G(5)(a) but not an answer because the rule requires both and they serve separate purposes. United States v. U.S. Currency in the Sum of $261,408, 2002 WL 827420, a *1 n.3 (E.D.N.Y. 2002) (claim and answer serve different purposes: claim forces person contesting forfeiture to swear that he has an interest in the property; answer requires claimant to state his defenses and to admit or deny plaintiff's "averments"); United States v. $25,790 U.S. Currency, 2010 WL 2671754, *3 (D. Md. July 2, 2010) (the claim and answer serve different purposes, the claim forces the claimant to swear that he has an interest in the property, while the answer requires him to state defenses and admit or deny the statements in the Government's complaint); United States v. $41,580.00 in U.S. Currency, Fed. App., 2007 WL 3308631 (11th Cir. November 9, 2007) (answer to a civil forfeiture complaint must specifically deny the essential allegations in the Government's complaint or they will be deemed admitted).

Grant has failed to file a timely answer to the Complaint or a motion under Rule 12 and his time to do so has expired. His failure is not a mere technical deficiency but means that he has no statutory standing to continue to pursue his claim.

The United States respectfully requests that this Court strike the claim of Arnold Grant.

Respectfully submitted this the 10th day of July, 2014.

<div style="margin-left:40%">

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY


**/s/Kevin P. Davidson**
KEVIN P. DAVIDSON
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Phone: (334) 223-7280
Fax:     (334) 223-7106
E-mail: Kevin.P.Davidson@usdoj.gov

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.  I further certify that I have placed a copy of the foregoing in the United States Mail, properly addressed and postage prepaid, as follows:

Arnold Grant
648 Mitchell Street
Macon, Georgia 31217.

<div style="margin-left:40%">

Respectfully submitted,


**/s/Kevin P. Davidson**
KEVIN P. DAVIDSON
Assistant United States Attorney

</div>

5