IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:14-cv-356-WHA |
| | ) | |
| | ) | (WO) |
| NINETY SIX THOUSAND THREE | ) | |
| HUNDRED SEVENTY ($96,370.00) | ) | |
| DOLLARS IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This *in rem* action is before the court on the United States of America's Motion to Strike the Claim of Arnold Grant ("Grant") (Doc. # 12) and Grant's response thereto. The Government's motion is based on Grant's failure to file an answer within 21 days of his verified claim in response to the Government's forfeiture notice, as required by Supplemental Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The Defendant currency was seized from Grant's son, Willie Grant, in a traffic stop on December 17, 2013. The Government filed its Verified Complaint for Forfeiture *In Rem* and request for Warrant on May 15, 2014 (Doc. # 1), and a Warrant was issued on May 19 (Doc. # 3). The required Notice and copies of the Warrant and Complaint were personally served on Grant on June 3, 2014 (Doc. # 9). Grant filed two pleadings in the month of June. The first, filed pro se on June 9, was docketed as a "Claim" (Doc. # 8), and the second, filed June 19, also

pro se, was docketed as an "Amended Claim" (Doc. # 10).  In his June 19 filing, Grant asked the court to disregard his June 9 filing, stating it was incomplete.  (Doc. # 10 at p. 2).  The Government filed its Motion to Strike the Claim on July 10, 2014.  The court then issued a Show Cause order directing the claimant to respond by July 28, 2014.  Grant filed his response on that date.  In the response, Grant stated he was originally confused about the claim and answer filing requirements and that his June 19 claim was both "the Claim and the Answer." (Doc. # 14 at p. 2).  He further stated that only recently had he come to understand the purpose and required content of the answer.

For the reasons to be discussed, the Motion to Strike is due to be DENIED.

## II. FACTS

The Complaint alleges the following facts:

The Defendant property was seized from Willie Grant (Grant's son) during a traffic stop on Interstate 85 North on December 17, 2013.  Alabama Deputy Sheriff Rodney Arwood stopped Willie Grant for following too close, then smelled the odor of marijuana as he approached the vehicle.  After calling for backup and asking Willie Grant to exit the vehicle, Deputy Arwood searched the vehicle.  He found small amounts of marijuana and a suitcase in the trunk containing the Defendant currency.  The currency, totaling $96,370.00, was seized and later given to a Drug Enforcement Administration (DEA) Special Agent.  On February 14, 2014, Grant sent a claim for the currency to the DEA, supported by past earnings statements furnished by the Internal Revenue Service.  On this basis, the Government had a required Notice and a copy of the Complaint served on Grant when the Complaint was filed with this court.  The Notice advised Grant that he was legally required to file a verified claim within 35 days after the date the Notice was served on him and further, that an Answer to the Complaint or a motion in

response must be filed by him no later than 21 days after filing a verified claim. It also advised him that failure to do so might result in a default judgment being taken against him and that he might wish to seek legal advice. (Doc. # 1-1).

### III. DISCUSSION

The Defendant currency in this case was seized pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of moneys, negotiable instruments, and securities involved in controlled substance transactions. Under the Civil Forfeiture Asset Reform Act of 2000 (CAFRA), 18 U.S.C. § 981 et seq., a person claiming an interest in property named in a forfeiture complaint is directed to file a verified claim according to the procedures set forth in the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules"). 18 U.S.C. § 983(4)(A). The Government's Motion to Strike was filed pursuant to Supplemental Rule G(8)(c)(i)(A), which provides that such a motion is proper at "any time before trial" and may be based on the "fail[ure] to comply with Rule G(5) or (6)." The Government alleges that Grant has failed to file an answer within 21 days of his claim and that he has thereby failed to comply with Rule G(5)(b).

The claimant has the burden of establishing standing in forfeiture proceedings. *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1439 (11th Cir. 1984). To properly contest a forfeiture, a claimant must have both Article III and statutory standing. *United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987). A claimant establishes Article III standing by "demonstrat[ing] the existence of an injury" through a showing of "either an ownership or lesser possessory interest in the property." *United States v. $114,031.00 in U.S. Currency*, 284 F. App'x 754, 755–56 (11th Cir. 2008) (citing *Via Mat Int'l South America Ltd. v. United States*, 446 F.3d 1258, 1262–63 (11th Cir. 2006)). A claimant

perfects statutory standing through compliance with the procedures set forth in Supplemental Rules G(5) and (6).  The key procedural steps are 1) filing a verified claim within 35 days of notice of the forfeiture proceedings, or a longer time if specified in the notice, pursuant to Rules G(5)(a)(ii)(A) and 4(b)(ii)(B); and 2) filing an answer within 21 days of the date the verified claim is filed, pursuant to Rule G(5)(b).  Statutory standing is at issue here because the Government's Motion to Strike is based on Grant's failure to file an answer as required by Supplemental Rule G(5)(b).

Case law makes clear that the failure to file an answer before the prescribed deadline precludes the claimant from attaining statutory standing.  *See United States v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 820 (11th Cir. 2009) (affirming the district court's decision to grant a motion to strike where the claimant did not file an answer); *see also United States v. 40 Acres of Real Property, More or Less*, 629 F. Supp. 2d 1264, 1275 (S.D. Ala. 2009) ("Claimants' failure to file an answer pursuant to Supplemental Rule G(5)(b) deprives them of statutory standing to pursue their claim to the Property.").  Thus, in this case the Motion to Strike must be granted unless the court construes Grant's June 19 filing as both a claim and answer or grants him an extension of time to file an answer.  The court finds the latter course is the proper one in this case for the reasons discussed below.

The Eleventh Circuit has held on multiple occasions that courts are entitled to demand strict compliance with Supplemental Rule G(5) and its substantive predecessor, Rule C(6).  *See, e.g.*, *$12,126.00 in U.S. Currency*, 337 F. App'x at 819 (district courts may "insist on strict compliance with the Supplemental Rules"); *United States v. $125,938.62*, 370 F.3d 1325, 1328–29 (11th Cir. 2004) (same); *$38,000 Dollars in U.S. Currency*, 816 F.2d at 1547 (other courts require claimants to follow procedures exactly and the government should be held to the same

stringent standard). Nonetheless, "a court has discretion in appropriate circumstances to depart from the strict compliance standard." *40 Acres*, 629 F. Supp. 2d at 1274 (quoting *United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993)). The Eleventh Circuit has also noted that forfeiture is "a harsh penalty especially when the outcome is forced because of technical and procedural errors." *$125,938.62*, 370 F.3d at 1329. On this basis, the court has joined other Courts of Appeals in holding that "amendments should be liberally permitted" to cure technical defects,[1] as long as such amendments "would not undermine the goals underlying the time restriction and verification requirements" of the Supplemental Rules. *Id.* (internal quotation marks omitted). In sum, the Eleventh Circuit's view is that courts have the discretion to depart from the strict compliance standard when such departures do not compromise the substantive goals underlying the Rule G procedures.

As interpreted by the Eleventh Circuit, the most important purposes of the Rule G procedures include timely notice to the Government of any claims, deterrence against false claims, and minimal delay due to deadlines that force claimants to come forward quickly when a forfeiture complaint is filed. *Id.* at 1328. In light of these purposes, the court has held that in deciding whether and how to exercise their discretion, lower courts should consider issues including the sufficiency of notice of claims to the Government, any prejudice to the Government resulting from late (or defective) filing, the amount or value of the defendant property, and the reasons given for any delay or other defect. *Id.* at 1329. Applying these principles, one district court refused to relax the strict compliance standard for a claimant who did not make his interest known to the Government in a timely manner, contrasting that claimant's situation with another case in which there was sufficient notice, and implying the lack

---

[1] In the *$125,938.62* case, the technical defect was untimely filing of several verified claims. 370 F.3d at 1327–28.

5

of notice was integral to its reasoning. *See United States v. One 2003 Chevrolet Suburban*, No. 7:10-cv-153 (HL), 2011 WL 4543471, at *2 (M.D. Ga. Sept. 29, 2011) ("Unlike [a previous case], in this case, the Government was not given any notice of [the Claimant's] interest in the Defendant Property before the deadline, and there is no explanation given for the delay nor is there any evidence of a request for an extension."). Notice and prejudice to the Government are critical factors in a court's balancing of the interests in forfeiture cases like this one.

Additionally, the Committee Notes to the Supplemental Rules direct courts to use their discretion to allow parties to cure technical pleading defects where appropriate. Specifically, the Note to Rule G advises: "As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15." Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Committee Notes on Rules, Note to Rule G, Subdivision (8), Paragraph (c).

Pro se litigants are also afforded a measure of leeway in the construction of their pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Nonetheless, in these types of cases even pro se litigants generally must present some type of explanation or "showing of extenuating circumstances" in order to receive the benefit of a discretionary extension or other opportunity to amend a defective pleading. *United States v. One 2003 Ford Mustang, VIN 1FAFP45X23F316865*, No. 12-0670-CG-M, 2013 WL 3833030, at *2 (S.D. Ala. July 23, 2013); *see also United States v. Ford 250 Pickup 1990, VIN #1FTHX26M1LKA69552*, 980 F.2d 1242, 1245 (8th Cir. 1992) ("In order to avoid the strict requirements of Rule C(6) [(Rule G(5)'s predecessor)], the party attempting the untimely filing must show excusable neglect or a meritorious defense.").

The court finds the balancing of interests in this case to favor granting an extension to Grant so that he may file an answer to the Complaint under Rule 12 of the Federal Rules of Civil Procedure. The court finds this result appropriate for several reasons. First, the Government has been on notice of Grant's claim since February of 2014; this awareness was documented in the Complaint. Any prejudice to the Government is therefore slight at the most. Second, Grant has actively maintained his involvement in the litigation. He filed two versions of his claim (the second being more complete) and signed it under penalty of perjury, pursuant to the Supplemental Rules. Grant also responded to the court's Show Cause order following the Government's Motion to Strike. He gave an explanation for not filing an answer, namely his confusion as to what the answer should contain and that he thought his amended claim filed on June 19 was also an answer. Grant apparently also did not realize he was to file the answer as a separate document from his claim. Because forfeiture is a "harsh penalty" and Grant has remained involved in the proceedings as a pro se litigant,[2] he should not be barred from pursuing his claim on the basis of the technical failure to file an answer. Grant's confusion as to the technicalities of the Supplemental Rules procedures constitutes the type of "excusable neglect" that justifies a discretionary departure from the "strict compliance" standard. This is particularly so because the Government has had ample notice of Grant's claim to the Defendant currency.

The court finds the proper course is to provide Grant an opportunity to cure his failure to file an answer by granting him an extension of time.

## IV. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

(1) The Motion to Strike (Doc. # 12) is DENIED.

---

[2] Although a Notice of Appearance was filed by an attorney for Grant on August 25, Grant's earlier filings did not show any attorney representation.

(2) Grant is allowed to file an Answer within 14 days of this order.

DONE this 29th day of August, 2014.

 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE