IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:14-cv-356-WHA |
| ) | |
| ) | (WO) |
| NINETY SIX THOUSAND THREE ) | |
| HUNDRED SEVENTY ($96,370.00) ) | |
| DOLLARS IN U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

### I. INTRODUCTION

This cause is before the court on Claimant Arnold Grant's ("Grant") Motion to Dismiss[1] (Doc. # 17) and the United States Government's ("the Government") response thereto (Doc. # 19). Grant contends there is no valid federal jurisdiction over the defendant *res* in this case because it was initially seized by Alabama law enforcement officials. The Government argues that under Alabama law, Alabama never had *in rem* jurisdiction because no action was filed in state court, and therefore federal jurisdiction is valid. For the reasons discussed below, the motion is due to be DENIED.

### II. FACTUAL AND PROCEDURAL BACKGROUND

The Defendant currency was seized on December 17, 2013, in connection with the arrest of Grant's son, Willie Adams Grant, after his vehicle was stopped and searched due to marijuana

---

[1] The Motion purports to be filed "pursuant to 12(b)(6) for lack of subject matter jurisdiction." Doc. #17 at 1. The court construes the Motion as one to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) because that is the most closely related provision to the substance of the Grant's argument that there is no *in rem* jurisdiction. *See Porsche Cars N. Am. v. Porsche.net*, 302 F.3d 248, 256 (4th Cir. 2002) (noting that personal jurisdiction is "far more analogous" to *in rem* jurisdiction than subject matter jurisdiction and collecting cases).

odor.  Doc. # 17 at 1–2.  Federal agents took control of the Defendant currency on the same date.  *Id.* at 2.  The Government filed its Verified Complaint for Forfeiture In Rem (Doc. # 1) on May 15, 2014.  Grant made his initial claim on June 9, 2014, and filed an amended claim (Doc. # 10) on June 19, 2014.  The court exercised its discretion to deny the Government's Motion to Strike (Doc. # 12) for failure to file an answer, in part because Grant was proceeding pro se until August 25, 2014.  The pending Motion to Dismiss followed on September 17, 2014.

### III. DISCUSSION

A state and federal court "cannot simultaneously exercise in rem jurisdiction over the same property."  *United States v. $270,000 in U.S. Currency*, 1 F.3d 1146, 1147 (11th Cir. 1993).  To prevent conflict, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."  *Id.* at 1148 (quoting *Penn Gen. Cas. Co. v. Commonwealth*, 294 U.S. 189, 195 (1935)).  Grant argues that the Defendant currency was in the custody of the courts of Chambers County, Alabama before federal authorities exercised any control over it, and therefore, the state obtained exclusive jurisdiction before federal jurisdiction could attach.  This argument is unavailing.

In order for state jurisdiction to attach, Alabama law requires both possession and "the filing of an *in rem* action."  *Green v. City of Montgomery*, 55 So.3d 256, 263 (Ala. Civ. App. 2009).  On the other hand, *federal* jurisdiction "begins the moment the *res* is controlled by federal agents."  *Id.* (citing *United States v. $506,231 in U.S. Currency*, 125 F.3d 442 (7th Cir. 1997).  Here, there is no allegation that an action of any kind was ever filed in Alabama state court.  Grant acknowledges as much by stating the Defendant currency is under the control of the Alabama state court "*pending* the filing of a forfeiture complaint."  Doc. # 17 at 2 (emphasis added).  Grant also notes that on December 17, the same day as the underlying arrest, "federal

agents seized the defendant *res* from the custody" of the state.  *Id.*  Therefore, state jurisdiction never attached because no action was ever filed in state court.  Federal jurisdiction attached when federal agents took control of the Defendant currency, [2] and has remained valid and exclusive ever since.

For these reasons, this court has proper *in rem* jurisdiction over the Defendant currency.

## IV. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Motion to Dismiss (Doc. # 17) is DENIED.

DONE this 15th day of October, 2014.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The transfer of the property to federal officials was permissible under state law.  *See Green*, 55 So.3d at 261 (State law "neither expressly nor impliedly prohibits a state or local law-enforcement agency from transferring seized property to federal authorities" as long as the transfer is "in accordance with law," including federal law.).

3