IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:14-cv-356-WHA |
| ) | |
| ) | (WO) |
| NINETY SIX THOUSAND THREE ) | |
| HUNDRED SEVENTY ($96,370.00) ) | |
| DOLLARS IN U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**I. INTRODUCTION**

This cause is before the court on Claimant Arnold Grant's ("Grant") Motion to Reconsider (Doc. # 23) the court's denial of his Motion to Dismiss (Doc. # 17). For the reasons discussed below, the motion is due to be DENIED.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

The Defendant currency was seized on December 17, 2013, in connection with the arrest of Grant's son, Willie Adams Grant, after his vehicle was stopped and searched due to marijuana odor. Doc. # 17 at 1–2. Federal agents took control of the Defendant currency on the same date. *Id.* at 2. The Government filed its Verified Complaint for Forfeiture In Rem (Doc. # 1) on May 15, 2014. Grant made his initial claim on June 9, 2014, and filed an amended claim (Doc. # 10) on June 19, 2014. The court exercised its discretion to deny the Government's Motion to Strike (Doc. # 12) for failure to file an answer, in part because Grant was proceeding pro se until August 25, 2014. Grant's Motion to Dismiss followed on September 17, 2014. The court denied

1

the Motion to Dismiss for lack of *in rem* jurisdiction because state and federal law authorize the exercise of federal jurisdiction under these circumstances. Grant filed the pending Motion to Reconsider on November 7, 2014.

### III. DISCUSSION

The Motion to Reconsider is grounded in argument that the court's previous denial of the Motion to Dismiss relied on dictum from the case *Green v. City of Montgomery*, 55 So.3d 256 (Ala. Civ. App. 2009), that *Green* conflicts with other relevant Alabama case law, and that the court ignored relevant precedent from the Alabama Supreme Court. For the reasons set out below, none of these arguments is persuasive.

> a. ***Green v. City of Montgomery*** **is valid precedent from the Alabama Court of Civil Appeals that stands for the proposition that federal "adoptive seizure" is valid as to a res seized by state authority, so long as there have been no filings in state court before federal jurisdiction attaches.**

In *Green v. City of Montgomery*, the Alabama Court of Civil Appeals was tasked with determining proper jurisdiction over currency seized by city officials. After a traffic stop in which city officials discovered both cash and marijuana in the vehicle, the city transferred the cash to the Drug Enforcement Administration ("DEA") in a process known as "adoptive seizure." *Green*, 55 So.3d at 257. In its analysis of competing claims of state and federal jurisdiction over the currency, the court held that under these circumstances, state court jurisdiction attaches with the first *filing* in state court. *Id.* at 263. In *Green*, the claimants filed a state court action before the federal government attempted to acquire jurisdiction. *Id.* at 265. For that reason, state court jurisdiction was valid, to the exclusion of possible federal jurisdiction. *Id.* As a preliminary holding, the court found that the relevant state statute, § 20–2–93, does not prohibit the transfer of validly seized currency to federal authorities as a matter of law. *Id.* at 261.

Contrary to Grant's arguments, the description of the "two-step process" by which the state court acquires jurisdiction in cases such as these was not dictum in the *Green* decision. The proposition that state court jurisdiction attaches at the moment of the first state court filing was central to the court's disposition of the case. *See id.* at 265 ("The claimants' action in state court was an *in rem* or *quasi in rem* action, and it invoked state *in rem* jurisdiction before the federal government attempted to acquire jurisdiction."). If, as Grant claims in his Motion to Reconsider, state court jurisdiction attached upon the seizure of the currency, the *Green* decision would have required less analysis. Instead, the court there had to engage in an in-depth examination of relevant events to determine when jurisdiction attached at either the state or federal level. The filing of an action in state court—an event that *never* occurred in the instant case[1]—was the critical moment at which state court jurisdiction attached and precluded any exercise of federal jurisdiction over the defendant currency.

### b. *Green* is consistent with the Court of Civil Appeals's decisions in *City of Gadsden v. Jordan* and *Garrett v. State*.

Grant argues in his Motion to Reconsider that for *Green*'s jurisdictional "two-step process" to be an accurate statement of Alabama law, that decision would have had to reverse *Garrett v. State*, 739 So.2d 49 (Ala. Civ. App. 1999), and *City of Gadsden v. Jordan*, 760 So.2d 873 (Ala. Civ. App. 1998), *reversed on other grounds*, 760 So.2d 877 (Ala. 1999). Specifically, Grant argues that these cases stand for the proposition that seizures, not filings, confer *in rem* jurisdiction upon Alabama state courts. Doc. # 23 at 8.

*City of Gadsden* and *Garrett* are both consistent with the *Green* decision. In *City of Gadsden*, the city filed a forfeiture complaint seeking forfeiture of cash and a vehicle against Jordan. 760 So.2d at 874. The court found that jurisdiction was proper, because under Alabama

---

[1] It bears mention that Grant continues to agree with the court as to this critical fact, even if he disagrees as to its significance. Doc. # 23 at 13.

law "[a] court acquires jurisdiction over the property in an *in rem* proceeding when the res is validly seized and brought within the control of the court." *Id.* at 875. Critically, there was no federal involvement in the case whatsoever and the city properly filed a forfeiture complaint in state court. The same was true in *Garrett*, where the court quoted extensively from *City of Gadsden* in finding that there was proper jurisdiction because "the res was validly seized by [county] law enforcement officers *pursuant to process issued by a [county] court*." 739 So.2d at 52 (emphasis added). As in *City of Gadsden*, there was no competing federal claim to jurisdiction. Furthermore, unlike in the instant case, a state court issued process in order to grant authority for the seizure.

There is no indication in either *City of Gadsden* or *Garrett* that *seizure itself* is sufficient for state jurisdiction to attach. In both cases there was no issue of whether federal jurisdiction existed, and in both cases there were valid filings in state court. Grant makes much of the statement from both decisions that "[a] court acquires jurisdiction over the property in an *in rem* proceeding when the res is validly seized *and brought within the control of the court*." Garrett, 739 So.2d at 52 (quoting *City of Gadsden*, 760 So.2d at 875) (emphasis added). The upshot of all of this case law is that seizure itself is distinct from the step in which the property is "brought within the control of the court." *Green* explains that to be "brought within the control of the court," there must be some kind of filing or process in the state court itself. *See Green*, 55 So.3d at 260 ("For the *res* to be within the control of the court, the court 'must have actual or constructive control of the res when an *in rem* forfeiture suit is initiated.'") (quoting *Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 87 (1992)).

For these reasons, the *Green* decision is entirely compatible with both *City of Gadsden* and *Garrett*, and is an accurate statement of Alabama law. Furthermore, *Green*'s continuing

4

validity was reaffirmed by the Alabama Court of Civil Appeals earlier this year. *See Cox v. Bennett*, —So.3d—, 2121053, 2014 WL 1978872, at *2–4 (Ala. Civ. App. May 16, 2014) (citing *Green* and holding under materially similar facts to the instant case that "the doctrine of adoptive forfeiture applied in this present case such that jurisdiction had vested in the federal district court and, therefore, the trial court never acquired *in rem* jurisdiction over the property").

      **c. The Alabama Supreme Court has recognized the doctrine of adoptive seizure and has not confronted the issue whether the state forfeiture statute permits transfer of seized property from state to federal authorities.**

Grant argues in his Motion to Reconsider that the "Alabama Supreme Court has decided that property seizures under state authority give[] state courts jurisdiction." Doc. # 23 at 2 (capitalization altered throughout). To be sure, to the extent the Alabama Supreme Court has passed on the issues present in this case, this court is bound to follow its pronouncements. The Alabama Supreme Court, as noted by its Chief Justice, has generally recognized the doctrine of adoptive seizure, consistent with *Green*, and has *not* considered the issue whether the relevant state forfeiture statute permits the transfer of seized property from state to federal authorities. *Green* and *Cox* remain controlling law for purposes of this case.

First, the Alabama Supreme Court recently denied the writ of certiorari in *Cox v. Bennett*. *See Ex parte Bennett*, —So.3d—, 1131440, 2014 WL 5627380, at *1 (Ala. Oct. 31, 2014) (denying the writ of certiorari). All of the justices concurred except Chief Justice Moore, who filed a dissenting opinion. Chief Justice Moore wrote in a footnote that "[a]lthough this Court repeatedly has addressed the issue of adoptive forfeitures, it never has considered the *specific* question whether § 20–2–93 authorizes state or local law-enforcement officials to transfer seized property to federal authorities to commence a federal forfeiture proceeding." *Ex parte Bennett*, 2014 WL 5627380, at *4 n.1 (Moore, C.J., dissenting). Chief Justice Moore further noted that

5

the denial of certiorari in *Green* was not a definitive pronouncement on the issue by the Alabama Supreme Court, and therefore that "this Court has never conducted a full examination of the issue" and "it remains an issue of first impression." *Id.* The denials of certiorari in *Green* and *Cox* indicate that until the Alabama Supreme Court takes a case presenting the issues, the decisions of the Court of Civil Appeals remain controlling on the jurisdictional questions presented in this case. This conclusion is supported by Chief Justice Moore's assessment of the state of the law. Chief Justice Moore has expressed interest in examining the issue, but until a majority of the Alabama Supreme Court becomes interested as well, the *Green* and *Cox* decisions stand as controlling law.

Furthermore, even without Chief Justice Moore's recent comments in dissent, none of the Alabama Supreme Court decisions cited by Grant are controlling in this case. To support his argument that the Alabama Supreme Court has decided that seizures themselves confer jurisdiction, Grant first cites two Alabama Supreme Court cases discussing admiralty law. One decision was issued in 1841; the other in 1838.[2] Doc. # 23 at 3. Another case cited is a 2000 criminal case confronting issues of personal jurisdiction.[3] The fourth, and last, case cited does not involve any issues of federal jurisdiction and stands mainly for the proposition that state forfeiture proceedings are ineffectual if not instituted promptly. *Woods v. Reeves*, 628 So.2d 563, 566 (Ala. 1993). None of these cases speaks to the issue of competing state and federal jurisdiction in civil forfeiture proceedings. As noted by Chief Justice Moore, the issues presented in this case, *Green*, and *Cox* have not yet been addressed by the Alabama Supreme

---

[2] The cases are *Bierne & McMahon v. The Steam Boat Triumph*, 2 Ala. 738 (Ala. 1841), and *Wyman v. Campbell*, 6 Port. 219 (Ala. 1838).

[3] The decision in *Ex parte James*, 780 So.2d 693 (Ala. 2000), concerned the question whether the State of Alabama had jurisdiction over the defendant. While the court described in passing circumstances under which a court would have jurisdiction over property in criminal matters, it also noted that jurisdiction over property in criminal cases "rarely arises." *Ex parte James*, 780 So.2d at 695. This decision does not address the proper conditions for *in rem* jurisdiction in a civil forfeiture matter and is therefore inapposite to the case at hand.

Court. Therefore, the court finds it properly relied on *Green* in its denial of the Motion to Dismiss and that Alabama law authorizes the exercise of federal *in rem* jurisdiction in this case.

## IV. CONCLUSION

To the extent Grant has presented other arguments not discussed above, the Court finds those arguments unpersuasive. For this reason together with the reasons discussed, it is hereby

ORDERED that the Motion to Reconsider (Doc. # 23) is DENIED.

DONE this 12th day of November, 2014.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE